FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Aug 25, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACOB JOSEPH BOILEAU,<br><br>                  Plaintiff,<br><br>   v.<br><br>LEONARD WARREN, and TRACY PARDICK,<br><br>                  Defendants. | No.  2:23-CV-00081-MKD<br><br>ORDER DISMISSING ACTION<br><br>**ECF No. 6** |

By Order entered June 12, 2023, the Court advised Plaintiff, who is proceeding in this case *pro se,* of the deficiencies of his Complaint and directed him to amend or voluntarily dismiss the Complaint within 60 days.  ECF No. 14. Plaintiff did not comply with that Order and has filed nothing further in this action.

Plaintiff filed a pro se Complaint against Leonard Warren in Spokane County District Court on February 16, 2023, alleging his mental health records were improperly transmitted to Mr. Warren, and Mr. Warren discriminated against Plaintiff based on Plaintiff's disability.  ECF No. 1 at 1-2; ECF No. 1-1 at 5.  The case was removed to this Court on March 23, 2023, ECF No. 1, and the United

ORDER DISMISSING ACTION - 1

States of America was substituted for Mr. Warren on December 3, 2023, ECF No. 11.  Plaintiff filed a construed first amended complaint on April 3, 2023, ECF No. 6, and later filed a "supplement" to the complaint, ECF No. 7.  Defendants filed a motion to dismiss on April 17, 2023, ECF No. 8, and Plaintiff filed an untimely response to the motion, ECF No. 13.  This Court granted Defendants' Motion to Dismiss and granted Plaintiff leave to amend or voluntarily dismiss the Complaint on June 12, 2023.  ECF No. 14.  Plaintiff has not filed an amended complaint.

As discussed in the June 2023 Order, Plaintiff has not demonstrated that he exhausted his administrative remedies, and the Court therefore does not have jurisdiction over the Rehabilitation Act claim.  Plaintiff abandoned the Washington state law claims in the construed first amended complaint.  Plaintiff has not named an appropriate Defendant for the Privacy Act claim, and even if he had named an appropriate Defendant, Plaintiff has not stated a Privacy Act claim.  Plaintiff also has failed to state a FMLA interference, FMLA retaliation, FLSA, and ADA claim. Although granted the opportunity to amend or voluntarily dismiss, Plaintiff has filed nothing further in this action.  The Court cautioned Plaintiff that if he failed to amend within 60 days as directed, the Court would dismiss the Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2).

For the reasons set forth above, and in the Order Granting Defendants' Motion to Dismiss and Granting Leave to Amend or Voluntarily Dismiss

Complaint, ECF No. 14, this action is dismissed with prejudice for failure to state a claim against Defendants upon which relief may be granted.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint, **ECF No. 6**, is **DISMISSED** with prejudice.

2. All pending motions are **DENIED** as MOOT.

3. Plaintiff shall provide notice of the dismissal to any and all Defendants he served with a copy of the Complaint and Summons.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, enter judgment, provide copies to counsel and *pro se* Plaintiff, and **CLOSE** the file.

DATED August 25, 2023.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING ACTION - 3